8/2/2023

Your Honorable Judge Stephen Clark,

The decision of this court will have an impact on Robert Merkel and a substantial number of women across the country. I am convinced the best possible outcome is dependent on Mr Robert Merkle being sentenced to the longest incarceration time possible.

I am the victim in an earlier felony harassment case to which Mr. Merkle pleaded guilty. This would be case number 1822-CR03445.

From what I can see, on October 3, 2018, the members of the St Louis City Court did harm to Robert Merkel and the public through a plea deal. No additional time under the Department of Corrections was added to an earlier felony harassment charge. That was the court's decision after Merkel pleaded guilty to two additional felony harassment charges and three misdemeanor harassment charges rolled into one. It went against the requests of 5 victims. Since his release, Robert Merkel has acquired six new charges against him.

If he had been sentenced to more time incarcerated, diagnosed accurately, and offered appropriate treatment, he would probably have a shorter list of offenses on his record. Past victims would have had more time to rest and receive therapy without the interruption of new offenses.

Please consider:
Merkle can not be trusted.
1. Merkel told the St Louis City court he wished he had the "tools and treatment". (see court transcript page 40)
2. Merkle told the parole board he didn't have a problem with sexually deviant fantasies or thoughts of sexual violence. He only admitted to a problem with alcohol consumption. (I was there. I, along with two other victims, heard him report this to the parole board.)
3. Mr. Merkle's inactions, such as refusing a sex offender assessment or treatment, and his illegal actions, speak for themselves. He has a deeply rooted problem, where he seemingly gets a thrill out of tormenting women online and via text.
4. Note the alleged start date of the charges to which he is pleading guilty to today began while Merkle was still on parole under MO DOC.

All of these demonstrate that Mr. Merkle can not be trusted to follow through with seaking or accepting treatment on his own. They point to the likelihood of him returning to cyberstalking and harassment. These crimes cause the victims and their families and friends a great deal of distress. The offenses cost the courts time and money, and they do not help Mr. Merkle change his behavior.

The plight of the victims is real. It is so incredibly burdensome that at times it's crippling. It's a struggle to get an officer to write a report when the offender uses an alias and numbers that can

not be tracked. Victim support services are scattered and they are hard to navigate. Attorneys are not always as savvy or available as they need to be to stop these challenging cases involving cybercrimes as they escape the appearance of being seriously harmful, or pervasive. On top of that, I recently learned that Missouri Governor Parson just vetoed a bill that would have established a state Cybercrime and Harassment Task Force. The victims here don't have that much help. Therefore your decision is crucial.

I'm a mere citizen, wired with a desire to help but I have no power to do so. But you Judge Stephen Clark, have what I do not have.  You have authority to make a decision.  You have the power to decide how long the public will be protected from Mr. Robert Merkle.

Please keep us safe by issuing the longest sentencing possible.

Sincerely,

